IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SAMUEL J. MUSGRAVE,

    **Petitioner,**

    v.                                 Case No. 2:01-cv-780
                                          JUDGE GRAHAM
MARGARET BAGLEY, Warden,       Magistrate Judge KEMP

    **Respondent.**

## OPINION AND ORDER

On October 11, 2005, final judgment was entered dismissing the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is now before the Court on petitioner's November 11, 2005, notice of appeal, which this Court construes as a request for a certificate of appealability. For the reasons that follow, petitioner's request for a certificate of appealability is **DENIED**.

In this federal habeas corpus petition, petitioner asserts as follows:

> 1. Petitioner was denied due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution when he was found guilty of murder against the sufficiency of the evidence; an argument the state courts rejected.
>
> 2. Petitioner was denied due process of law and a fair trial in violation of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution due to improper character evidence related to gangs, and other prosecutorial misconduct, an argument the state courts rejected.
>
> 3. Petitioner was denied a fair trial in violation of the Sixth and Fourteenth Amendments to the United States Constitution when the trial judge 1) had an ex parte communication with the jury and; 2) pressured the jury into a fast and speedy verdict; an argument the state courts rejected.

4. Petitioner was denied due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution when the jury was precluded from considering a lesser included offense without the jury first finding him not guilty of murder; an argument the state courts rejected.

5. Petitioner was denied due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution when the medical examiner was allowed to give inadmissible testimony as to the cause of death being "most likely" drowning, an argument the state courts rejected.

6. Petitioner was denied effective assistance of trial counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution in the following four (4) instances, an argument the state courts rejected.

7. Petitioner was denied due process of law and the right to a fair trial in violation of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution when the trial court failed to fully define complicity and aiding and abetting and/or give a proper instruction on complicity and aiding and abetting, an argument the state courts rejected.

8. Petitioner was denied due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution when the trial court failed to instruct the jury that unanimity was needed for a conviction, an argument the state courts rejected.

9. Petitioner was denied a fair trial and due process of law in violation of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution when, over defense objection, the trial court allowed evidence of a "sock test" into evidence that materially prejudiced petitioner, an argument the state courts rejected.

10. Petitioner was denied due process and the right to a fair trial in violation of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution when he was denied an impartial jury; an argument the state courts rejected.

11. Petitioner was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution when trial counsel failed to request a jury instruction on accomplices, an argument the state courts rejected.

> 12. Petitioner was denied due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution when the trial court allowed the indictment to be constructively amended to a theory of aiding and abetting, an argument the state courts rejected.
>
> 13. Petitioner was denied due process of law and the right to effective assistance of trial counsel in violation of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution when trial counsel failed to request a jury instruction on abandonment "voluntary renunciation," an argument the state courts rejected.

On October 11, 2005, claims three and five were dismissed as procedurally defaulted; the remainder of petitioner's claims were dismissed as without merit.

Where the Court dismisses a claim on procedural grounds, a certificate of appealability

> should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel,* 529 U.S. 473, 483 (2000). Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id*.

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel*, *supra*, 529 U.S. at 484. To make a substantial showing of the denial of a constitutional right, a petitioner must show

>that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" *Barefoot*, 463 U.S., at 893, and n.4 . . . .

*Id.*

Upon review of the record, the Court concludes that petitioner has failed to establish that reasonable jurists would find it debatable whether this Court was correct in its procedural rulings. *Slack v. McDaniel, supra*. Similarly, petitioner has failed to establish that reasonable jurists could debate whether petitioner's claims should have been resolved in a different manner. *Id*. Petitioner's request for a certificate of appealability therefore is **DENIED**.

**IT IS SO ORDERED.**

                                          s/James L. Graham
                                          JAMES L. GRAHAM
                                          United States District Judge

DATE: November 17, 2005